## Henry W. Crittenden v. Hiram D. Robertson.

*Township meeting*— Act of March 7, 1863. — The Act of March 7, 1863, "to legal-
ize the action of townships, etc., in raising bounties for volunteers." ( S. L.
1863, pp. 92-95,) extends to and renders valid a tax voted at a meeting of
the electors of a township held for the purpose of raising bounties, although
such meeting was not convened in the manner required by existing statutes
authorizing special township meetings.

*Heard October 14. Decided October 27.*

Error to Calhoun Circuit.

This was an action of trover for the conversion of a
horse. The declaration was in the usual form. The
plea was the general issue with notice of justification
under a tax warrant.

The case was tried by a jury who returned a special
verdict, upon which the Court rendered a judgment for the
defendant in error, who was the plaintiff below. The facts
found by the special verdict, so far as they are necessary
to be stated, are as follows:

On or about the 12th day of December, 1862, seve-
ral electors of the township of Albion, and more than
twelve in number, petitioned the township Board to call
a meeting of the tax payers to devise ways and means
for raising the quota of volunteers assigned to the town-
ship of Albion under a late order of the Governor of
the State. On the same day the Board met, and by a
resolution called a meeting of the electors of said town
for the 17th day of the same month, and on the next
day, printed notices of such meeting were very generally
distributed throughout the township, by posting the same
in public places, and otherwise, by means of which, full
notice of said meeting was given to the electors of said
township. A meeting was held pursuant to such notice,
at which the township board presided. From two hun-
dred to two hundred and sixty persons attended, being
nearly all voters, and comprising nearly or quite half of

CRITTENDEN *v.* ROBERTSON.

the whole number of voters in the township. Resolutions were adopted by a large majority, to raise a tax for the purpose of enlisting volunteers to fill the quota of said town, and directing that the tax be assessed and spread by the Supervisor upon a separate roll, upon the taxable property of the township as specified in the last assessment, and that the Treasurer collect the same, and that the Township Board be a committee to present the action to the Legislature of the State.

The Supervisor, immediately after the meeting, copied the assessment roll used by him in April, 1861, so far as regarded names of persons, the property assessed and the valuation thereof; and afterwards,. upon such copy, without any new assessment or valuation, spread the tax and annexed to the roll his certificate. On the 19th day of March, 1863, the Supervisor issued his warrant for the collection of said tax, to the defendant as Treasurer of the township; and the defendant, with the assessment roll and said warrant thereto attached, called upon the plaintiff and demanded the tax assessed against him; and the defendant refusing to pay said tax, the defendant seized the property to recover the value of which this suit is brought.

*C. I. Walker*, for plaintiff in error:

The proceedings of the town meeting being illegal, they are within the purpose and object of the act of 1863. The design of this act was to confirm and render valid just such illegal proceedings.

As to the validity of such enabling acts, see *Scofield v. Watkins*, 22 *Ill.*, 66; *Gilbert v. Board*, 3 *Kern*, 183.

*D. Darwin Hughes*, for defendant in error:

The act refers to townships in their corporate capacity. They are made corporate by the constitution of the

State, and when referred to in any statute the corporation, and not the people, is meant.

The title to the act, and the very language of the act itself, show beyond doubt, that the act means "where any township, acting as a corporation," has raised a tax, etc. This view is also fully sustained by the language of section six, where a "board," or "council," is mentioned as representing the corporation.

This being the case, the corporation, in raising the tax, must have acted as by law it is authorized to act. It must have been convened in the manner provided by statute before it could act.

The statute provides no new manner in which a corporation may act, it only relates to the subject of action. It enables them retrospectively to raise money by tax for an additional purpose, but leaves them to act as before. This tax stands precisely as it would if the township could have legally raised it when it was raised. So that the question for discussion is not whether the township had power to raise the tax, but whether they have raised it in a legal manner.

The action of the township, although for an object now made legal, was entirely illegal. The corporation, in fact, never acted, and was never convened so that it could legally act.

The statute provides that notice of special meetings shall not be less than fifteen days, while this notice was only five days. *Compiled Laws*, p. 519.

A want of notice, such as the statute requires, makes the tax void. *Osgood v. Blake*, 1 *Foster*, 562; *Judson v. School District No.* 3, 38 *Me.*, 164; *Moor v. Newfield*, 4 *Me.*, 44.

The proceedings were in many other particulars informal and illegal.

CHRISTIANCY J.:

The only question raised in this case upon the special

CRITTENDEN *v.* ROBERTSON.

verdict, is whether the facts found bring the tax in question, and for non-payment of which the horse was seized, within the provisions of the first section of "An Act to legalize the action of Townships, Cities and Counties, in, raising bounties for volunteers," approved March 7, 1863. *Session Laws of* 1863, *pages* 92 *to* 95.

The validity of the act is not questioned. But it is insisted by the counsel for the defendant in error that the only taxes intended to be legalized by the first section are those which have been voted and raised by the townships, cities and counties in their corporate capacity; that, to enable the township to act in its corporate capacity in voting the tax, the electors must have been convened in the manner and by the notice required by the statute for special township meetings, (*Compiled Laws, article* 519,) which requires the notice to be given for not less than fifteen days; and that, as the notice in the present case was but five days, no elector was bound to regard it, and the action of the electors voting the tax is to be regarded as only their individual action, and not as the corporate action of the township. It is admitted on all hands, and cannot be denied that the action of the meeting in voting, and the township officers in assessing the tax, were, at the time when such action was had, without authority of law, and in this sense illegal. But, on the other hand, it is equally clear that the very object of the first section of the act was to legalize taxes which had been assessed for the purpose mentioned without the sanction of law, and which, but for this act, would have continued to be illegal.

It is also clear, we think, that by the statutes in force when such action was had, the township had no authority to act in its corporate capacity *upon the subject of this tax,* either by a meeting of the electors or by its officers, and that there was no lawful authority in the township for its electors or officers to raise or

assess any tax for the purpose in question by any mode of proceeding whatever. The meeting of the electors for the purpose for which it was notified and held would therefore have been equally illegal, had the notice been given for the length of time required by the statute for special meetings, and the. electors would have been under no greater obligation to regard it. As the electors could not have been legally convened for this purpose, nor to act upon this subject by any notice which could have been given, we do not perceive how the action of the meeting could have been rendered strictly, or in any legal sense, corporate action, by giving the length of notice required for special meetings, or by any notice whatever. We see no reason for supposing that the Legislature intended by this section to insist upon the strict legality of any of the proceedings, as it is evident that no one of the steps of the proceeding could have been legally taken at the time. To hold, therefore, that the Legislature intended to require that any of the proceedings must have been, at the time, in accordance with the law, we must either suppose they intended to require what was impossible, or that no tax for this purpose was intended to be legalized by this section. We can discover no greater reason for supposing they intended to require strict conformity to law in respect to the *time*, than in respect to the *subject*, of the notice. All that can be required by a fair construction of this section, in regard to the notice of the meetings, is that it should have been fairly given, so that the electors might have an opportunity to attend if they chose. The special verdict finds as a fact that "full notice of the meeting was given to the electors of the township." We see nothing, therefore, in the length of time for which the notice was given, (the only ground upon which the validity of the tax is assailed,) to render the tax invalid.

The meeting appears to have been largely attended,

the township Board presiding, and the resolutions adopted by a large majority of those in attendance. It is apparent also from the resolutions that the proceedings were intended to be presented to the Legislature with a view to legislative sanction. The tax appears to have been fairly assessed by the Supervisor upon the taxable property in the township, and there is nothing to indicate unfairness or a want of good faith in any of the proceedings. We think, therefore, this tax is one of the class intended to be legalized by the first section of the act. The warrant on which the property was seized appears to have been issued after the tax had received the sanction of the act of 1863. The seizure was therefore authorized by the warrant.

The result is that, in our opinion, the Circuit Court erred in rendering judgment upon the verdict for the plaintiff below. That judgment must be reversed and a judgment of this Court rendered for the plaintiff in error, including costs in both Courts.

The other Justices concurred.